| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**KAREN E. BEZNER, ESQ.**<br>567 Park Avenue, Suite 103<br>Scotch Plains, New Jersey 07076<br>(908) 322-8484<br>Attorney for Karen E. Bezner, Trustee<br><br>Karen E. Bezner<br>KB 5770 | |
| In Re:<br><br>LYN PAUL AAROE,<br><br>        DEBTOR.<br>_____<br><br>KAREN E. BEZNER, TRUSTEE<br><br>        PLAINTIFF,<br>v.<br><br>LYN PAUL AAROE,<br><br>        DEFENDANT. | Case No.: 11-12201<br><br>Adv. No.:<br><br><br><br>Judge: Hon. Raymond T. Lyons U.S.B.J. |

**COMPLAINT TO DENY DISCHARGE PURSUANT TO 11 U.S.C. SECTION 727**

Karen E. Bezner, Chapter 7 Trustee, by way of Complaint, states as follows:

**JURISDICTION**

1) This Court has jurisdiction over this adversary proceeding by virtue of the provisions of 28 U.S.C. Section 1334. This is a "core" proceeding, within the meaning of 28 U.S.C. Section 157(b)(2)(J); and venue is appropriate in this District pursuant to 28 U.S.C. Section 1409.

## FIRST COUNT

1)      Lyn Paul Aaroe, Debtor and Defendant herein, maintains his residence at 92 Hartmans Corner Road, Washington, New Jersey 07882.  He is a lawyer admitted to practice in the State of New Jersey in 1971 and concentrating his practice in land use and zoning.  Defendant filed a voluntary Chapter 7 petition on January 27, 2011.

2)      Karen E. Bezner, Plaintiff herein, accepted her appointment as Chapter 7 Trustee on or about February 1, 2011 and has continued to act as Trustee since that date.

3)      Pursuant to notice issued by the Clerk of the Bankruptcy Court, May 13, 2011 was established as the deadline for the filing of complaints objecting to discharge.  By Order dated June 7, 2011, Docket Entry No. 46, this Court extended that deadline through August 11, 2011.

4)      Accordingly, this complaint is timely pursuant to Bankruptcy Rule 4004.

## The Petition

5)      On March 14, 2011, with the assistance of counsel, Defendant filed amendments to most of his schedules.

6)      Despite the amendments, the petition continues to exhibit omissions, deficiencies in information provided, and blatant inconsistencies, all of which were made by the Defendant under penalty of perjury.

7)      At Schedule A of his original petition, the Defendant listed four (4) properties, unimproved wooded lots of various acreage, i.e., 1.84 acres, 20.70 acres, 5.22 acres, and 8.6 acres.  Regardless of size, each lot is valued at $500.00, for a total value of $2,000.00.  Only two (2) lots are encumbered by secured claims: the 20.70 acre lot is secured by a lien of $33,358.11, and the 5.22 acre lot is secured by a lien of $16,987.18.  No secured claims corresponding to these amounts appear on Schedule D.

8) In revised Schedule A filed on March 14, 2011, an additional 25 acre lot has been added and again, all of the lots are valued at $500.00 each. The Defendant's interest, previously described as "fee owner" of each lot, is now described as "partial interest" with respect to four (4) of the lots, and "tenancy by the entirety" for the added lot. These entries contain the notation "J", indicating that the lots are now owned jointly by the Defendant and his spouse. As to the secured claims pending against the lots, the original figures have been removed, and each lot is listed as encumbered by a secured claim of $50,000.00.

9) Amended Schedule D, filed on March 14, 2011, contains only one entry pertaining to these properties: a listing for Washington Township real estate taxes in the amount of $50,000.00, described as belonging to "H" and "unliquidated".

10) At original Schedule B, the only assets listed are cash on hand, $373.00, owned jointly; a checking account, bank unspecified, containing $1,700.00, owned jointly; and three (3) motor vehicles: a 1998 Cadillac El Dorado valued at $4,470.00; a 2006 Dodge Ram 1500 Pick-Up Truck valued at $8,846.00 and a 2007 Cadillac Escalade, valued at $20,000.00.

11) Original Schedule D lists Barbara A. Aaroe, Defendant's wife, as secured creditor on the 1998 Cadillac El Dorado for $7,500.00; and on the 2006 Dodge Ram 1500 Pick-Up Truck, for $10,000.00. The titles to these vehicles were issued on December 3, 2009 and November 24, 2009, respectively. The Cadillac Escalade is liened to GMAC, which is scheduled with a secured claim of $17,976.55.

12) In the amendment to Schedule B filed on March 14, 2011, the entries for the cash and checking account remain the same. However, Defendant has added "miscellaneous clothing", valued at $500.00 and "miscellaneous jewelry", valued at $100.00. The Debtor has also added legal fees, in the amount of $6,703.75. The entries for the motor vehicles remain the same.

13) Both original and amended Schedule B are devoid of any listing for household goods and furnishings, books, pictures and art objects, hobby equipment, insurance policies, pension plans, stock in incorporated and unincorporated businesses, interests in partnerships and joint ventures, tax refunds, office equipment and furnishings, and any other item of personal property other than those referred to above.

14) Even the amended petition is contradicted by Defendant's later filings.

15) On March 28, 2011, only two (2) weeks after he filed his amended schedules, the Debtor submitted a reaffirmation agreement to the Court for the 2007 Cadillac Escalade, financed by Ally Financial (formerly, GMAC). The reaffirmation agreement states that Ally is owed $1,062.18 per month, for a period of five (5) months, for a total secured claim of $5,310.90, a sum much less than the $17,976.55 set forth in original and amended Schedule D. In addition, the vehicle is valued at $35,850.00, a sum much greater than the $20,000.00 set forth at amended Schedules B and D. It appears that Defendant deliberately overstated the lien amount, and understated the value, in two separate versions of his petition.

16) In the reaffirmation agreement, the Debtor shows only $1,951.00 per month in income, against expenses of $10,519.31. According to Paragraph C2 of the reaffirmation agreement, the difference is to be covered by "income contribution from wife".

17) However, neither the original petition nor the amended petition list any income whatsoever for the Defendant's wife. Schedule I is devoid of any income figures for her at all; in the Statement of Financial Affairs, no income for either the Defendant or his wife is listed in either the original petition (which is simply blank) or the amended petition (which specifies "0.00" for each of the three years preceding the filing of the petition).

18) These entries are blatantly inconsistent with the Debtor's statement, at amended Schedule B, that he holds $6,703.75 in accounts receivable; with Schedule D, which shows that the wife financed two out of three motor vehicles; and the reaffirmation agreement.

19) In addition, these schedules directly conflict with the means test data provided by Defendant in Form B22.

20) At original Schedule I, the Debtor claims $1,951.00 per month in total income. In contrast, the "Statement of Monthly Net Income" lists various amounts of income per month for total of $50,726.18 for the six month period preceding the filing, or $8,454.36 per month.

21) At Form B-22, however, the Debtor lists only $1,951.00 per month, which is more than offset by the entry for "ordinary and necessary business expenses" of $5,244.00. No income for Defendant's wife is included on Form B-22. If the monthly figure of $8,454.36 is accurate, the total yearly household income of $101,452.00 exceeds the median income allowable to a family of three of $85,573.00.

22) Defendant lists no leases in his petition and claims to own no real property nevertheless, he includes a figure of $747.00 as "rent or home mortgage payment" at Schedule J.

23) Notably, at Schedule J, Defendant lists a cost of $300.00 per month for home maintenance; and the aforesaid form lists $244.00 in expenses from operation of his business.

## The Trustee's Subpoena

24) On or about March 11, 2011, Plaintiff served the Defendant with a subpoena, a copy of which is annexed hereto as Exhibit A.

25) In response to the subpoena, Plaintiff received a three (3) page statement from the Defendant and some exhibits, a copy of which is annexed hereto as Exhibit B. Plaintiff received documents pertaining to the

Defendant's attorney business account and another account for which the statement is untitled, but no bank statements for any personal or other business accounts.

26) Defendant provided copies of deeds to three (3) of the properties listed at Schedule A of his petition, but provided no information whatsoever with respect to the remaining two properties.

27) No tax returns were provided in response to the Trustee's subpoena. The Defendant claims that he could not locate his 2009 tax return; and represented that the 2010 tax return was "in the process of preparation". It has not been provided to date.

28) Defendant is required, pursuant to 11 U.S.C. Section 521(e), to submit a copy of the last required tax return to the Trustee at least seven (7) days prior to the 341(a) meeting. Similarly, an itemization of income is required by Section 521(a)(1) and (g). None of these documents have been received by Plaintiff Trustee.

29) 11 U.S.C. Section 521(a)(3) requires that a debtor cooperate with the Trustee, and Section 521(a)(4) requires that a debtor "surrender to the Trustee all property of the estate and any recorded information, including books, documents, records and papers, relating to property of the estate. . .". Defendant has failed to fulfill these requirements.

30) The Defendant provided a statement regarding the unsecured obligations listed at Schedule F, but only a description of who those creditors are. No documents were provided with respect to these claims, most of which were incurred in connection with various construction projects.

31) The Defendant provided a document describing Barbara Aaroe, his wife, as sole member of Waterfall Ridge, LLC which owns the commercial property at 126 Mansfield Street, Belividere, New Jersey where Defendant has his law offices, and his wife, Barbara Aaroe, has her hair salon.

32) No information was provided regarding accounts receivable due and owing to Defendant.

33) In short, Defendant's response to Plaintiff's subpoena was woefully deficient.

## Other Assets Owned By Defendant

34) The Defendant appears to control substantial assets in which he previously owned an interest, but which are now titled in the names of third parties.

35) Castle Ridge Development Corporation is a Delaware corporation incorporated in 1991 in which the Defendant served as president and his wife, Barbara Aaroe, as secretary/treasurer. The owner of Castle Ridge Development Corporation is now Robert Godusch, a childhood friend of the Defendant. By Deed dated December 5, 2009, Castle Ridge Development Corporation transferred the real property at 652 Vermont Route 12, Hartland, Vermont to Waterfall Ridge, LLC for consideration in the amount of $1.00 pursuant to Warranty Deed recorded on December 11, 2009 at the Hartland Town Clerk's Office. The Deed was signed by Robert Godusch as the duly authorized agent for Castle Ridge Development Corporation, and acknowledged by Barbara A. Aaroe, as notary public. The property transfer tax return was filed for Castle Ridge Development Corporation by the Defendant, as its counsel.

36) Defendant has testified that he acts as attorney and agent for Castle Ridge Development Corporation. Deposition testimony obtained by Plaintiff from third parties confirms that he exercises full management and administrative control over the entity.

37) Waterfall Ridge, LLC is a Vermont limited liability corporation formed on or about June 23, 2008. The managing member is listed as Barbara Aaroe.

38) The Defendant's residence is owned by Eleven-Ten Associates, which is believed to be an unincorporated business entity owned by Barbara Aaroe and her daughter, now deceased. Despite an entry for rent in the amount of $747.00 per month at Schedule J, no lease or other executory contract is listed at Schedule G of the Debtor's petition.

39) At the 341(a) meeting, Mr. Aaroe was asked how his wife was able to afford the purchase of the property in Vermont and the residence. Mr. Aaroe stated that his wife had received inheritances over the years but the dates and amounts of those inheritances were not provided. No income information is provided for Barbara Aaroe at Schedule I or in the Chapter 7 Statement of Current Monthly Income, Official Form 22A.

40) Defendant denies owning an interest in Castle Ridge Development Corporation. However, creditors have produced documents which confirm that Defendant guaranteed a commercial loan from Somerset Capital, LLC dated February 11, 2005 in the amount of $890,000.00. Defendant also personally guaranteed payments to K & B Flooring, NJ Quality Drywall, and payment of more than $360,000.00 to Brian Plushanski Construction Company on behalf of Castle Ridge Development Corporation.

41) In addition, Defendant managed the day-to-day affairs of Castle Ridge Development Corporation, and was acknowledged, in depositions, by Robert Godusch to have the discretion to make management decisions on behalf of the company.

42) Plaintiff reserves the right to amend and supplement this complaint to add such further allegations of misrepresentation and concealment as discovery during this adversary proceeding may disclose.

43) The incomplete, erroneous and contradictory information provided in Defendant's filings to date; Defendant's failure to adequately respond to the Plaintiff's subpoena and his obligations under 11 U.S.C. Section 521; and the network of ownership interests established through Robert Godusch, Barbara Aaroe, Eleven-Ten Associates, Castle Ridge Development Corporation and Waterfall Ridge, LLC, establish that Defendant with intent to hinder, delay or defraud a creditor or an officer of the estate charged with custody of property under Title 11, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be

transferred, removed, destroyed mutilated or concealed, property of the debtor, within one year before the date of the filing of the petition, or property of the estate, after the date of the filing of the petition, within the meaning of 11 U.S.C. Section 727(a)(2)(A) and (B).

WHEREFORE, Plaintiff Trustee seeks entry of judgment against the Debtor Defendant:

  A. Denying the Defendant's discharge pursuant to 11 U.S.C. Section 727(a)(2)(A) and (B);

  B. For attorneys' fees and costs incurred in connection with this adversary proceeding; and

  C. For such other and further relief as this Court deems fair and equitable.

## SECOND COUNT

1) Plaintiff Trustee repeats the allegations contained in the First Count as if set forth in full herein.

2) The allegations set forth in Paragraphs 1 through 42 establish that Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records and papers from which his financial condition or business transactions might be ascertained within the meaning of 11 U.S.C. Section 727(a)(3).

3) Moreover, Defendant's acts or failures to act are not justified under all of the circumstances of the case.

WHEREFORE, Plaintiff Trustee seeks entry of judgment against the Debtor Defendant:

  A. Denying the Defendant's discharge pursuant to 11 U.S.C. Section 727(a)(3);

  B. For attorneys' fees and costs incurred in connection with this adversary proceeding; and

  C. For such other and further relief as this Court deems fair and equitable.

### THIRD COUNT

1) Plaintiff Trustee repeats the allegations contained in the First and Second Counts as if set forth in full herein.

2) The allegations contained at Paragraph 1 through 42 of the First Count establish that the Defendant knowingly and fraudulently, in connection with this case, made numerous false oaths and accounts within the meaning of 11 U.S.C. Section 727(a)(4)(A).

 WHEREFORE, Plaintiff Trustee seeks entry of judgment against the Debtor Defendant:

  A. Denying the Defendant's discharge pursuant to 11 U.S.C. Section 727(a)(4)(A);

  B. For attorneys' fees and costs incurred in connection with this adversary proceeding; and

  C. For such other and further relief as this Court deems fair and equitable.

### FOURTH COUNT

1) Plaintiff Trustee repeats the allegations contained in the First through Third Counts as if set forth in full herein.

2) Plaintiff is an officer of the estate entitled to possession of recorded information, including, books, documents, records and papers relating to the Defendant's property and financial affairs.

3)      The Defendant has withheld such books, documents, records and papers relating to his property and financial affairs, within the meaning of 11 U.S.C. Section 727(a)(4)(D).

WHEREFORE, Plaintiff Trustee seeks entry of judgment against the Debtor Defendant:

A.      Denying the Defendant his discharge pursuant to 11 U.S.C. Section 727(a)(4)(D);

B.      For attorneys' fees and costs incurred in connection with this adversary proceeding; and

C.      For such other and further relief as this Court deems fair and equitable.

### FIFTH COUNT

1)      Plaintiff Trustee repeats the allegations contained in the First through Fourth Counts as if set forth in full herein.

2)      The Debtor enjoys the use and control of substantial assets, including the Vermont property, titled in the name of Waterfall Ridge, LLC; the residence at 92 Hartmans Corner Road, Washington, New Jersey, title to which is held by an unincorporated business entity known as Eleven-Ten Associates; the commercial property in which he maintains his law office, titled under the name of Waterfall Ridge, LLC; and the assets of Castle Ridge Development Corporation.

3)      Defendant has provided almost no documentation concerning his business and financial affairs, nor any explanation for the disposition of the proceeds of a long legal practice in the field of land use and planning.

4) Defendant has failed to provided required disclosures concerning his wife's income and has failed to provide the list of accounts receivable required by the parties' consent order entered on July 5, 2011, Docket Entry No. 50.

5) The foregoing establishes that the Debtor has failed to explain satisfactorily, the loss of his assets, or the deficiency of his assets to meet his liabilities, within the meaning of 11 U.S.C. Section 727(a)(5).

WHEREFORE, Plaintiff Trustee seeks entry of judgment against the Debtor Defendant:

A. Denying his discharge pursuant to 11 U.S.C. Section 727(a)(5);

B. For attorneys' fees and costs incurred in connection with this adversary proceeding; and

C. For such other and further relief as this Court deems fair and equitable.

### SIXTH COUNT

1) Plaintiff Trustee repeats the allegations contained in the First through Fifth Counts as if set forth in full herein.

2) By Consent Order dated July 5, 2011, the Defendant agreed to provide the Plaintiff with a list of the accounts receivable contained at Schedule B of his petition.

3) To date, Defendant has failed to produce this information.

4) This failure constitutes a refusal to obey a lawful order of this court, within the meaning of 11 U.S.C. Section 727(a)(6).

WHEREFORE, Plaintiff Trustee seeks entry of judgment against the Debtor Defendant:

A. Denying his discharge pursuant to 11 U.S.C. Section 727(a)(6);

  B.  For attorneys' fees and costs incurred in connection with this adversary proceeding; and

  C.  For such other and further relief as this Court deems fair and equitable.


              **KAREN E. BEZNER, ESQ.**
              Counsel for Karen E. Bezner, Plaintiff Trustee


              By: /s/   Karen E. Bezner
                Karen E. Bezner

Dated: August 11, 2011